# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
NEW MEXICO

MAR 2 8 2000

CLERK

**CHARLIE GRIEGO,**

    Plaintiff,

v.



CIV 00- 0 0   0 4 4 9  LH

**DON J. SVET**

**CITY OF SANTA FE, A New
Mexico municipal corporation;
SANTA FE POLICE DEPARTMENT, a department
within the City of Santa Fe municipal government;
FRANCES GALLEGOS, an unmarried woman;
PHIL FERNANDEZ, a City of Santa Fe law enforcement
officer; JOHN DOE 1, a City of Santa Fe law enforcement
officer, Badge No. R1565;
JOHN DOE 2-4, City of Santa Fe Jail officials;
JOHN DOE 5-7, City of Santa Fe law enforcement
officer; JOHN DOE 8-10, City of Santa Fe Jail officials**

    Defendants.

## NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. § 1441(b) and 1446(a), Defendants, City of Santa Fe, Santa Fe

Police Department, Frances Gallegos, and Phil Fernandez give Notice of Removal to this Court

of the civil action filed in the First Judicial District for the State of New Mexico, County of Santa

Fe, Cause No. D-0101-CV-2000-00640, by Brad L. Hays, Esq. and as grounds therefor state:

    1.    On March 3, 2000, Plaintiff, Charlie Griego, filed a Complaint to Recover

Damages Resulting from a Deprivation of Civil and Constitutional Rights, Assault and Battery

and other Torts ("Complaint") with the First Judicial District Court. A copy of the Complaint is

attached hereto as Exhibit A. On March 7, 2000, Plaintiff served a copy of his Complaint on

Defendants. A copy of the Summons is attached hereto as Exhibit B. Copies of all other

pleadings filed with the First Judicial District Court will be submitted to this Court once Defendants obtain them.

2.      This Notice of Removal is timely filed within twenty days after Plaintiff served a copy of his Complaint on Defendants.

3.      Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico.

4.      The claims stated against Defendants in this case are subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) as follows:

a.      This Court has original jurisdiction because Plaintiff's Complaint is founded on a claim or right arising under the Constitution, treaties, or laws of the United States.

b.      An actual controversy exists because Plaintiff's Complaint alleges that Defendants violated Plaintiff's constitutional rights, specifically his Fourth and Fourteenth Amendment rights.

5.      This Court has federal question jurisdiction.  Plaintiff's right to bring an action for the violation of his constitutional rights was created by federal law, specifically 42 U.S.C. § 1983. A federal question appears on the face of Plaintiff's Complaint.  There is an actual controversy.

A copy of all process and pleadings that have been served upon Defendants is attached to this Notice of Removal.

2

Respectfully submitted,

FRENCH & ASSOCIATES, P.C.

By:  _____
     Luis Robles
     Attorneys for Defendants
     500 Marquette Ave. N.W., Suite 600
     Albuquerque, New Mexico   87102
     (505) 843-7075

I hereby certify that a true and
correct copy of the foregoing was
sent via U.S. Mail this _____ day of
March, 2000 to:

Brad L. Hays, Esq.
Law Offices of Brad L. Hays, LLC
Post Office Box 15520
Albuquerque, New Mexico 87174-0520

_____
Luis Robles

P. 6

505 2983939            MAR-22-00 WED 8:22 AM

03/20/00   MON 13:04 FAX 214 265 0368         PRF CLMS MGMT         --- RICK SAVAKINAS      ☑012
☑011

**COPY**

ENDORSED

MAR 3 2000

FIRST JUDICIAL DISTRICT COURT
SANTA FE, RIO ARRIBA, & LOS ALAMOS COUNTIES
P. O. Box 2268
Santa Fe, New Mexico 87504-2268
JoAnn Vigil Coriz
Court Administrator/District Court Clerk

IN THE FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

DANIEL A. SANCHEZ

CHARLIE GRIEGO,

    Plaintiff,

vs.

    No. D-0101-CV-200000 640

CITY OF SANTA FE, a New
Mexico municipal corporation;
SANTA FE POLICE DEPARTMENT, a department
within the City of Santa Fe municipal government;
FRANCES GALLEGOS, an unmarried woman;
PHIL FERNANDEZ, a City of Santa Fe law enforcement
officer; JOHN DOE 1, a City of Santa Fe law enforcement
officer, Badge No. R1565;
JOHN DOE 2-4, City of Santa Fe Jail Officials;
JOHN DOE 5-7, City of Santa Fe law enforcement
officers; JOHN DOE 8-10, City of Santa Fe Jail Officials,

    Defendants.

## COMPLAINT TO RECOVER DAMAGES RESULTING FROM A DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ASSAULT AND BATTERY AND OTHER TORTS

COMES NOW Plaintiff Charlie Griego by and through Law Offices of Brad L. Hays, LLC (Brad L. Hays) to file this Complaint for the violation of Plaintiff Charlie Griego's civil and constitutional rights; tortuous acts resulting in personal injury and damages to Plaintiff and in support thereof state the following:

1

EXHIBIT

A

9   P. 6    9009 'ON            JUAN TABO GARDEN U-C            MAR. 22. 2000   8:47AM

03/20/00   MON 13:04 FAX 214 285 0368          PRF CLMS MGMT                    +++ RICK SAVAKINAS          @013

## JURISDICTION

1.   Jurisdiction and venue are proper in New Mexico and in Santa Fe County pursuant to 42 U.S.C. Sections 1983 and 1988 and 28 U.S.C. Section 1343. All of the parties reside or do business in Santa Fe County, New Mexico and the acts complained of occurred exclusively within Santa Fe County, New Mexico.

## PARTIES

2.   Plaintiff Charlie Griego was a resident of the City of Santa Fe, Santa Fe County, New Mexico on or about August 17, 1998 and February, 2000.

3.   Upon information and belief, Defendant Frances Gallegos was a resident of the City of Santa Fe, Santa Fe County, New Mexico on or about August 17, 1998 and February, 2000.

4.   Upon information and belief, Phil Fernandez was a law enforcement officer employed on a fulltime basis by the Santa Fe Police Department and by the City of Santa Fe on or about August 17, 1998.

5.   Upon information and belief, John Doe 1, Badge Number R1565, was employed as a law enforcement officer on a fulltime basis by the Santa Fe Police Department and by the City of Santa Fe on or about August 17, 1998 and is currently a resident of the City of Santa Fe, Santa Fe County, New Mexico.

03/20/00   MON 13:05   FAX 214 285 0368        PRE CLMS MGMT        → → → RICK SAVARINAS        ☐014

6. Upon information and belief, John Doe 2-4 were employed by the City of Santa Fe on a fulltime basis as jail officials on or about August 17, 1998.

7. Upon information and belief, John Doe 2-4 were the jail officials who processed and incarcerated Plaintiff.

8. Upon information and belief, John Doe 5-7 were employed by the City of Santa Fe as law enforcement officers on or about February, 2000.

9. Upon information and belief, John Doe 5-7 were the police officers who detained, arrested and transported Plaintiff to the Santa Fe City Jail.

10. Upon information and belief, John Doe 8-10 were employed on a fulltime basis by the City of Santa Fe as jail officials on or about February, 2000.

11. Upon information and belief, John Doe 8-10 were the jail officials who processed and incarcerated Plaintiff.

12. Jail officials are within the definition of law enforcement officers.

13. Defendant Santa Fe Police Department is a department within the City of Santa Fe municipal government.

14. Defendant City of Santa Fe is a municipal corporation within the State of New Mexico and responsible for the acts of the Santa Fe Police Department and its law enforcement officers.

15. The individual defendants are sued in their individual capacities only. Each was acting under the color of state law and within the scope of his or her employment with the exception of Defendant Judge Frances Gallegos.

16. Defendant Judge Frances Gallegos was acting in her capacity as a private citizen and candidate for public office and not within her scope of judicial

3

functions with regard to her participation in the civil conspiracy and resulting improper conduct toward Plaintiff.

## FACTUAL BACKGROUND – INCIDENT 1

17.     On or about August 21, 1998, Plaintiff received a phone call from an employee of the City of Santa Fe assigned to work at city hall requesting Plaintiff to come to city hall for the purpose of picking up a letter addressed to him without disclosing the contents to Plaintiff.

18.     Plaintiff had been a consistent critic of the manner in which city government operates.  Plaintiff's criticisms have been met with anger and ridicule by officials of the city administration.

19.     Plaintiff was a long-time city employee who has now retired but was cited by the City for his extraordinary service while employed.

20.     Plaintiff was well known by employees at city hall and by all of the defendants.

21.     Plaintiff went to city hall as per the invitation by city officials only to be handed a letter requesting that he not be on the premises at city hall and stating that his presence was unwelcome.

22.     Plaintiff questioned why the letter had been written but did not receive an explanation.

23.     Plaintiff asked to speak to the author of the letter and was told that he was not at city hall.

24.     Plaintiff then asked to talk to someone in authority that could explain the letter to him.

4

25. Plaintiff was told that no one in authority was present at city hall on that afternoon.

26. Plaintiff, understandably, became upset at the lack of justification for the letter after having been invited to city hall to pick it up.

27. Plaintiff considered it to be his first amendment right to be at city hall and to criticize both elected and appointed officials.

28. Defendant Phil Fernandez ("Officer Fernandez") was called to the location of Plaintiff by City Officials for the purpose of maintaining public order and removing Plaintiff from the premises.

29. Plaintiff had a right to be on the premises as a taxpayer and citizen of the City of Santa Fe as well as an invitee.

30. Officer Fernandez acted in the capacity of a law enforcement officer in detaining and forcibly removing Plaintiff from the premises on behalf of the City of Santa Fe.

31. Upon information and belief, the principal duties of Officer Fernandez were to maintain public order at city hall.

32. Officer Fernandez, at all times relevant herein, was operating within the scope of his duties as a law enforcement officer.

33. Officer Fernandez was not adequately trained as a law enforcement officer to maintain public order and, more specifically, to deal with a situation such as removal of Plaintiff from the premises at city hall.

34. While physically removing Plaintiff from the premises, Officer Fernandez began verbally abusing Plaintiff and threatened him with physical harm.

P. 11                                505 2983339                MAR-22-00 WED 8:25 AM

03/20/00  MON 13:07 FAX 214 265 0368          PRF CLMS MGMT          →→→ RICK SAVAKINAS          ☑017

35.   At all times relevant hereto, Officer Fernandez was not adequately supervised by qualified law enforcement officials.

36.   Officer Fernandez is significantly larger in physical stature than Plaintiff.

37.   Plaintiff, angered by the manner in which he had been treated by city hall officials and the verbal abuse by Officer Fernandez, grabbed at Officer Fernandez's badge while being involuntarily removed from the premises.

38.   Officer Fernandez responded with excessive physical force.

39.   Officer Fernandez responded by attacking Plaintiff, placing him in a headlock, running his head into a metal door jam, and throwing him to the ground.

40.   The use of excessive force by Officer Fernandez was witnessed by others.

41.   Without regard to Plaintiff's rights, the testimony of witnesses or the assault and battery upon Plaintiff by Officer Fernandez, Officer John Doe I (Badge Number R1565) fixed the blame on Plaintiff and unlawfully and without probable cause arrested Plaintiff for "Battery (Disorderly Conduct)" pursuant to Section 20 – 2.1(A), Santa Fe Municipal Code.

42.   Plaintiff was handcuffed and transported to the City of Santa Fe Jail.

43.   Plaintiff is epileptic and must always have medication with him for that condition.

44.   Plaintiff, without the benefit of medication, has the potential of harming himself severely.

45.   As a result of his medical condition, Plaintiff does not drive.

6

NO. 6006   P. 11          JOHN IAGO GARDEN OFC          MAR. 22. 2000  2:44PM

03/20/00   MON 13:07 FAX 214 265 0388     PRE CLMS MGMT     +++ RICK SAVAKINAS   ☑018

46. This lack of mobility makes it all the more important for him to keep his medication with him.

47. Upon arrival at the jail with Officer John Doe 1, Jail Officials, John Doe 2-4, confiscated his medication and denied him access to it.

48. Plaintiff advised Jail Officials, John Doe 2-4, that he could not be without the medication.

49. Without regard to that warning, Jail Officials, John Doe 2-4, continued to deprive Plaintiff of his medication.

50. Plaintiff experienced an epileptic seizure while in the jail cell as a result of not having his medication and despite his plea for medication, Jail Officials 2-4 continued to deprive him of that medication.

51. Fortunately, Plaintiff was not seriously injured as a result of the deprivation of medication.

52. Jail Officials 2-4, Santa Fe Police Department, the City of Santa Fe, and all future jail officials that might come into contact with Plaintiff were on notice of his serious epileptic condition and his need for medication.

53. After release from incarceration, Plaintiff's charges resulting from the August 17, 1998, incident were to be tried in the Municipal Court before Judge Frances Gallegos.

54. Plaintiff was looking forward to his constitutionally guaranteed opportunity to confront his accusers and a forum in which to exonerate himself from the charges against him.

03/20/00  MON 13:08 FAX 214 285 0368     PRF CLMS MGMT                    →→→ RICK SAVAKINAS     ☑019

55. On or about January 31, 1999, Judge Frances Gallegos, *sua sponte*, transferred the criminal complaint against Plaintiff to district court without stating a reason for that action and without notifying Plaintiff's counsel of record or the attorney prosecuting on behalf of the City of Santa Fe.

56. The district court dismissed the charges resulting from the August 21, 1998 incident against Plaintiff.

57. The City of Santa Fe has appealed that dismissal.

58. The Court of Appeals has proposed summary affirmance of that district court dismissal.

## FACTUAL BACKGROUND – INCIDENT 2

59. On or about February, 2000, Plaintiff was arrested again by law enforcement officials of the City of Santa Fe, John Doe 5-7.

60. A hearing on that matter was set.

61. Notice of the hearing to Plaintiff by the Municipal Court was sent by mail to the wrong address.

62. The Santa Fe Municipal Court knew or should have known the correct mailing address for Plaintiff.

63. Plaintiff did not receive the notice.

64. Plaintiff, not having received notice of the hearing before Judge Frances Gallegos, did not appear at the hearing.

65. Upon information and belief, Judge Gallegos issued a bench warrant for Plaintiff's arrest based upon the failure to appear.

66. Upon information and belief, Judge Frances Gallegos is a candidate for re-election as Municipal Judge.

67. As a candidate for Municipal Judge, Judge Frances Gallegos attended a candidates' forum.

68. Plaintiff attended that forum and was very critical of Judge Frances Gallegos for her conduct in his cases and specifically pointed out to her that his hearing notice had been mailed to the wrong address.

69. Upon information and belief, Judge Gallegos requested of the Santa Fe Police Department that Plaintiff be immediately arrested on the outstanding bench warrant in retribution for Plaintiff's criticism and despite her knowledge that the notice of the hearing, which was the basis of the bench warrant, had not been properly served upon Plaintiff.

70. Upon information and belief, Judge Frances Gallegos did so after being angered by the criticism by Plaintiff.

71. Plaintiff was arrested the very next day in downtown Santa Fe on that bench warrant by Officers John Doe 5-7.

72. Upon information and belief, the general custom and practice of the Santa Fe Police Department is not to pursue bench warrants in a timely manner.

73. Plaintiff was handcuffed and taken to the City of Santa Fe Jail by Officers John Doe 5-7.

74. Plaintiff requested to call his family and attorney and was denied access to a telephone.

9

03/20/00  MON 13:09 FAX 214 265 0368          PRE CLMS MGMT                    →→→ RICK SAVAKINAS          ☒021

75.    Jail officials knew or should have known of Plaintiff's need for medication for his epilepsy.

76.    Jail officials, John Doe 8-10, with full knowledge of Plaintiff's need for medication and despite Plaintiff's request for medication, denied such medication.

77.    Plaintiff had a serious epileptic seizure in which he could have been seriously injured.

78.    Plaintiff's dire circumstances were witnessed by others.

79.    Only after the seizure subsided did jail officials give Plaintiff medication.

80.    Despite the obvious prejudice of Judge Frances Gallegos, she has, to date, failed to recuse herself from hearing evidence on the charges against Plaintiff.

81.    Upon information and belief, Judge Frances Gallegos may have utilized similar practices against other individuals not in agreement with or criticizing her campaign or her judicial conduct.

## MUNICIPAL LIABILITY CLAIM

82.    Plaintiff restates each of the allegations in paragraph 1 – 81 as if stated fully herein.

83.    Officials of the City of Santa Fe invited Plaintiff on to the premises of city hall on August 17, 1998 to pick up a letter.

84.    The City of Santa Fe, as a municipality, is responsible for the acts of the Santa Fe Police Department.

P. 16                                    605 2963939              MAE-22-00 WED 8:27 AM

03/20/00   MON 13:10 FAX 214 265 0368         PRF CLMS MGMT          →→→ RICK SAVAKINAS        022

85.   Officer Fernandez was employed on a full-time basis as a law enforcement officer by the Santa Fe Police Department.

86.   The letter to Plaintiff demonstrated the official policy of the City of Santa Fe.

87.   The City of Santa Fe was the moving force behind the deprivation of rights of Plaintiff and the commission of torts against Plaintiff by Officer Fernandez, other named officers and named jail officials.

88.   Plaintiff's injuries were a plain and obvious consequence of inviting Plaintiff to city hall for the purpose of delivering the letter.

89.   Officer Fernandez was not properly trained by the Santa Fe Police Department to maintain public order at city hall.

90.   The Santa Fe Police Department's failure to properly train Officer Fernandez for his duties demonstrated a deliberate indifference to the rights and safety of visitors and invitees to city hall in general and specifically as to Plaintiff.

91.   The Santa Fe Police Department's failure to properly train its jail officials for their duties demonstrated a deliberate indifference to the rights, health and safety of persons incarcerated in the Santa Fe City Jail.

92.   The conduct of defendants shocks the conscience of the public.

## TORT CLAIMS

93.   Plaintiff restates each of the allegations in paragraph 1 - 92 as if stated fully herein.

P.17                                               SOE 2983939                     MAR-22-00 WED 8:28 AM

03/20/00  MON 13:10 FAX 214 285 0368          PRF CLMS MGMT            +++ RICK SAVAKINAS        ☐023
                                                                                                ☐022

94.   The above-described actions of defendants constituted a deprivation of federal and state constitutional rights, false imprisonment, wrongful arrest, assault and battery, malicious abuse of process, and prima facie tort upon Plaintiff within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act.

95.   Plaintiff was denied his first amendment right to freedom of speech and assembly and his right to expect to exercise those rights without being subjected to excessive force by law enforcement officials.

96.   Defendants had both common law and statutory duties to Plaintiff.

97.   Defendants breached those duties.

98.   Defendants had the duty in this activity undertaken to exercise for the safety of others that care ordinarily exercised by a reasonably prudent and qualified law enforcement officer in light of the nature of the circumstances.

99.   Defendants had, while Plaintiff was in their custodial care, the duty to exercise reasonable and ordinary care for the protection of the life and health of Plaintiff.

100.  The conduct of Officer Fernandez was not that of a reasonably prudent and qualified law enforcement officer in light of the nature of the circumstances.

101.  Officer Fernandez did not act in a good faith belief that the excessive force, which resulted in an assault and battery on Plaintiff, was necessary.

12

03/20/00   MON 13:11 FAX 214 265 0368          PRF CLMS MGMT ... ... ... +++ RICK SAVAKINAS   ☐024

102.   Officer Fernandez knew or should have known that the use of substantial force to remove Plaintiff from city hall was a violation of Plaintiff's statutory and constitutional rights and would result in the assault and battery of Plaintiff.

103.   Upon information and belief, some or all of the defendants entered into a civil conspiracy formed for the purpose of depriving Plaintiff of his statutory and constitutional rights.

104.   More specifically, upon information and belief, defendants entered into a civil conspiracy formed for the purpose of stopping Plaintiff from exercising his first amendment right of free speech which included his vocal and penetrating criticism of the conduct of city officials.

105.   Defendants' tortuous acts proximately caused damages and personal injury to Plaintiff as previously alleged.

106.   Defendants' deprivation of Plaintiff's constitutional and statutory rights secured by law proximately caused Plaintiff to be damaged as previously alleged.

107.   Defendants actions toward Plaintiff were intentional, reckless, willful, wanton and in bad faith.

**WHEREFORE**, Plaintiff requests the Court to order compensatory, nominal and punitive damages from defendants in an amount to be determined by the finder of fact as appropriate to the cause of action and the party defendant; award costs and reasonable

attorney's fees; and such other and further relief as the Court may deem appropriate and just.

Respectfully submitted,
Law Offices of Brad L. Hays, LLC

Brad L. Hays
Attorney for Plaintiff
P.O. Box 15520
Rio Rancho, NM 87174-0520
(505)892-1050/(505)892-1190 (f)

P. 20

03/20/00   MON 13:12 FAX 214 265 0368

PRF CLMS MGMT

505 2983939        MAR-22-00 WED 8:29 AM

→→→ RICK SAVAKINAS   @026

STATE OF NEW MEXICO )
)ss
COUNTY OF Santa Fe )

## VERIFICATION

I, Charlie Griego, having been first sworn upon my oath, depose and say that I am the Plaintiff in this case, legally authorized to verify the statement made in the foregoing COMPLAINT TO RECOVER DAMAGES RESULTING FROM A DEPRIVATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ASSAULT AND BATTERY AND OTHER TORTS, and that I have read and fully understand the contents of the Complaint, and that said Complaint is true and correct to the best of my knowledge, information and belief.

_____
CHARLIE GRIEGO

SUBSCRIBED AND SWORN TO before me this 2nd day of March, 2000 by Charlie Griego.

_____
NOTARY PUBLIC

My Commission Expires:

12/15/02

20   P.   9009.ON        250 N30R89 08AT NAUD        MA8Þ:E 0002 .22 .RAM

P. 21

03/20/00  MON 13:13 FAX 214 265 0368

COPY

505 2983939

MAR-22-00 WED 8:30 AM

PRE_CLMS MGMT                    RICK SAVAKINAS         @027
                                                        @026

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

CHARLIE GRIEGO,

   Plaintiff,

vs.

RECEIVED

MAR - 7 2000

CITY ATTORNEY'S OFFICE
SANTA FE, N.M.

CITY CLERK'S OFFICE
DATE 3/7/00 TIME 1:35
SERVED BY
RECEIVED BY

NO. D-0101-cv-xxxxx0640

## COPY

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO



CHARLIE GRIEGO,

    Plaintiff,

vs.                                                                                    NO. D-0101-CV-200000640

CITY OF SANTA FE, a New Mexico municipal
corporation; SANTA FE POLICE DEPARTMENT,
a department within the City of Santa Fe municipal
government; FRANCES GALLEGOS, an unmarried
woman; PHIL FERNANDEZ, a City of Santa Fe law
enforcement officer; JOHN DOE 1, a City of Santa Fe
law enforcement officer, Badge No. R1565;
JOHN DOE 2-4, City of Santa Fe Jail Officials;
JOHN DOE 5-7, City of Santa Fe law enforcement
officers; JOHN DOE 8-10, City of Santa Fe Jail Officials,

    Defendants.

RECEIVED
MAR - 7 2000
CITY ATTORNEY'S OFFICE
SANTA FE, N.M.

CITY CLERK'S OFFICE
DATE 3/7/00
SERVED BY ____ TIME 1'35
RECEIVED BY ____

## SUMMONS
## THE STATE OF NEW MEXICO

TO:    Santa Fe Police Department
       c/o City Clerk's Office, City of Santa Fe
       200 Lincoln Avenue
       Santa Fe, NM 87501

Greetings:

    This summons notifies you that a Complaint has been filed against you. You are required
to file an Answer to the Complaint, or a responsive motion, within THIRTY DAYS AFTER
THE SUMMONS HAS BEEN SERVED ON YOU. You must file the Answer or responsive
motion with the Clerk of the District Court and you must serve a copy of the answer or responsive
motion on the opposing party.

    IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION
WITHIN THE THIRTY DAY PERIOD, A DEFAULT JUDGEMENT MAY BE ENTERED
AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE
COMPLAINT.



EXHIBIT
B

03/20/00   MON 13:02 FAX 214 265 0368          PRF CLMS MGMT          →→→ RICK SAVAKINAS          @010

Address of the District Court:          Judge Steve Herrera Judicial Complex on Grant & Carron
                                        Santa Fe, New Mexico 87501

Plaintiff's Attorney:
                                        BRAD L. HAYS
                                        Post Office Box 15520
                                        Rio Rancho, NM 87174-0520
                                        (505) 892-1050/892-1190 (f)

WITNESS the Honorable DANIEL A. SANCHEZ District Judge of said Court of the State of New
Mexico and the Seal of the District Court of said County this 3 day of May , 2000.
                                        JoAnne Vigil-Quintana
                                        Court Administrator/District Court Clerk

(SEAL)                                  CLERK OF THE DISTRICT COURT

                                        BY: _____
                                                Deputy

P. 5

505 2983939                    MAR-22-00 WED 8:22 AM

03/20/00  MON 13:03 FAX 214 285 0368

PRE CLMS MGMT                        RICK SAVAKINAS        Ø011

STATE OF NEW MEXICO        )
                          ) ss.
COUNTY OF _____    )

### RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:

I certify that I served said Summons and Complaint in said County on the _____ day of
_____, 2000, by delivering a copy thereof, with copy of complaint attached in the
following manner:

### RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE:

I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to the
lawsuit, and that I served the within summons in said county on the _____ day of _____,
2000, by delivering a copy thereof with copy of Complaint attached in the following manner:

_____ To defendant _____
        (**Used when defendant receives a copy of summons, is read summons or Complaint
        or refuses to receive summons or hear reading).

_____ To, _____, a person over the age of 15 years and
residing at the usual place of abode of Defendant _____, who at the
time of service was absent therefrom.

_____ By posting a copy of the Summons and Complaint in the most public part of the
premises of Defendant _____
        (**Used if no person found at dwelling house or usual place of abode).

_____ To _____ an agent authorized to receive service of process
for defendant _____.

_____ To _____ (parent/guardian) of defendant _____
        (**Used when defendant is a minor or an incapacitated person).

_____ To _____,
      name of person              title of authorized person
        (**Used when defendant is a corporation or association subject to a suit under a common
        land, a land grant board of trustees, the State of New Mexico or any political subdivision).
*****************************************************************************************

FEES: _____

SHERIFF OF _____
COUNTY, State of New Mexico

BY: _____
      DEPUTY

_____
Signature of Citizen Making Service

SUBSCRIBED AND SWORN to before
me this _____ day of _____, 20___.

_____
NOTARY PUBLIC
My Commission Expires: _____