**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLIE GRIEGO,

      Plaintiff,

vs.                                                   No. CIV 00-0449 LH/DJS

CITY OF SANTA FE, a New Mexico municipal
corporation; SANTA FE POLICE DEPARTMENT,
a department within the City of Santa Fe municipal
government; FRANCES GALLEGOS, an unmarried
woman; PHIL FERNANDEZ, a City of Santa Fe law
enforcement officer; JOHN DOE 1, a City of Santa
Fe law enforcement officer, Badge No. R1565;
JOHN DOE 2-4, City of Santa Fe Jail Officials;
JOHN DOE 5-7, City of Santa Fe law enforcement
officers; JOHN DOE 8-10, City of Santa Fe Jail
Officials,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses (Docket No. 31), filed December 14, 2000, and Plaintiff's Motion to Strike Portions of Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 37), filed January 19, 2001. The Court, having considered the Motions, their accompanying memoranda, and the applicable law, having heard oral argument on August 9, 2001, and otherwise being fully advised, finds that Plaintiff's Motion to Strike, as previously determined at the hearing, is not well taken and will be **denied**, and Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses is well taken in part and will be **granted in part**.

Plaintiff brought suit seeking damages for a variety of alleged deprivations of civil and constitutional rights and assault and battery and other torts, pursuant to 42 U.S.C. §§ 1983 and 1988 and the New Mexico Tort Claims Act.  Plaintiff's claims arose from his being arrested two times, first on August 21, 1998, and secondly on an unstated date in February 2000.  Plaintiff sought damages totaling $250,000.00, $125,00.00 for each incident, based upon deprivation of his constitutional rights. (Defs.' Mem. Opp'n Pl.'s Mot. Award Att'y's Fees, Costs and Expenses, Ex. A.)  The parties reached a settlement in the amount of $4,000.00, which included any and all damages stemming from the Complaint and any claims arising from a third incident, which occurred on July 21, 2000.  (*Id.*, Ex. B at 1.)  The settlement agreement also provided that "although the parties have agreed that this matter will be settled as a personal injury matter, and that Charlie Griego is acknowledging that Releasees did not violate Charlie Griego's civil rights, Releasees will not use that fact, or any representation in this Release and Indemnity Agreement, as a defense to the fee application before Judge Hansen."  (Pl.'s Mot. Award Att'y's Fees, Costs and Expenses at 4 ¶e.)  Plaintiff now seeks attorney's fees of $8,655.00, costs and expenses of $352.36, and gross receipts tax of $536.53, for a total of $9,542.89, pursuant to FED. R. CIV. P. 54(d)(2) and 42 U.S.C. § 1988(b).

Defendants object to Plaintiff's Motion seeking attorney's fees and costs.  They contend that Plaintiff's recovery is nominal at best, thereby making any award unjust.  Alternatively, they argue that Plaintiff's lodestar is inflated and should be reduced for inadequately documented hours, work on a response to discovery motions, which Plaintiff never filed, hours claimed for research to become knowledgeable and competent in the area of civil rights law, time entries that are overhead, charging an excessive hourly rate, and Plaintiff's extremely limited success in his suit.  Defendants also maintain that Plaintiff's cost bill should be reduced based on his limited success.  Accordingly,

Defendants maintain, that if the Court awards any costs and fees, the total should be no greater than $1,155.32, including gross receipts tax.

Pursuant to 42 U.S.C. § 1988,

> In any action or proceeding to enforce a provision of section[] 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b).  In applying this provision, "a court must *first* assess whether special circumstances would make any award unjust . . . , the court must *then* fix a reasonable fee." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223,1229-30 (10th Cir. 2001)(quoting *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1082 (10th Cir. 1988)(emphasis added)).  If an award is appropriate, three factors are considered in determining what constitutes a reasonable fee:  1) the difference between the amount sought and the damages recovered; 2) the significance of the legal issue on which the plaintiff claims to have prevailed, focusing on the extent of success, rather than the importance of the legal issue; and 3) the accomplishment of a public goal other than occupying the time and energy of counsel, court, and client, broadly, but not too liberally, construed.  *Id.* at 1230-32 (quoting *Farrar v. Hobby*, 506 U.S. 103, 121, 122 (1992)(O'Connor, J., concurring) (quotations and internal citations omitted)).  These factors are not to be applied rigidly, no one is necessarily controlling, nor should they necessarily be given equal weight.  *Id.* at 1233.

The Court finds that Plaintiff is the prevailing party in this matter, which Defendants, by the terms of the settlement cannot and do not challenge, and that there are no special circumstances which would make an award of fees unjust.  In determining what is a reasonable fee, however, the Court finds that although Plaintiff's recovery may not be nominal, it certainly is minimal, at best.  The difference between the amount sought, $250,000.00, and the damages recovered, $4,000.00, is great,

3

and this recovery is diluted further in that it also includes damages for a separate incident not pursued by Plaintiff in his Complaint.  The Court also finds that Plaintiff's success on his theory of liability is minimal at best, as Plaintiff has informed the Court that he acknowledged in the settlement agreement that Defendants did not violate his civil rights and that the case was settled as a personal injury matter.  Additionally, Plaintiff has not informed the Court of any public goal accomplished by his victory, which apparently was originally to be confidential.  Furthermore, the Court concludes that Plaintiff's attorney presently is not highly qualified in this field and that his hourly rate would have to be adjusted substantially downward from the rate sought.  Having considered the factors set forth by the Tenth Circuit and other relevant circumstances, the Court concludes that a reasonable award for attorney's fees in this matter is $1,500.00.  *Cf. Farrar*, 506 U.S. at 115 ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying the number of hours reasonably expended by a reasonable hour rate.")(internal citations and alterations omitted).

The Court does not find, however, that the authority cited by Defendants supports their position that Plaintiff's costs should be proportionally reduced to reflect his limited success.  *See Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990); *Griffin v. Strong*, 827 F. Supp. 683, 689 (D. Utah 1993).  Therefore, finding the costs necessary and reasonable, *see Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998)(citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)), they will be allowed in the amount requested, $352.36, pursuant to FED. R. CIV. P. 54(d)(1)("costs *shall* be allowed as of course to the prevailing party unless the court otherwise directs,")(emphasis added)).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Portions of Defendants' Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 37), filed January 19, 2001, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees, Costs and Expenses (Docket No. 31), filed December 14, 2000, is **GRANTED IN PART**. Plaintiff is granted attorney's fees in the amount of $1,500.00, costs and expenses in the amount of $352.36, and gross receipts tax in the amount of $114.61, for a total award of attorney's fees and costs in the amount of $1,966.97.

_____
**UNITED STATES DISTRICT JUDGE**